**BARNESVILLE EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION, Appellee,**

v.

**BARNESVILLE ASSOCIATION OF CLASSIFIED EMPLOYEES et al., Appellants.**

[Cite as *Barnesville Exempted Village School Dist. Bd. of Edn. v. Barnesville Assn. of Classified Employees* (1997), 123 Ohio App.3d 272.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 96 BA 38.

Decided Oct. 15, 1997.

*Robert W. Sauter* and *Brenda J. Redmond,* for appellant.

*Frank A. Fregiato,* for appellees.

WAITE, Judge.

This matter comes on appeal from the Belmont County Common Pleas Court, which reversed and vacated a labor arbitration award. For the following reasons, we must reverse the lower court and reinstate the arbitrator's award in this matter.

Appellant Dennis Martin is a member of the appellant Barnesville Association of Classified Employees, OEA/NEA (hereinafter "Union"). As such, he is employed by the appellee, Barnesville Exempted Village School District Board of Education (hereinafter "Board"). At the time the dispute arose, Martin was classified as a custodian but had been performing the duties of a "Substitute Maintenance Assistant." As an "SMA," Martin was inspecting and maintaining a school building's boilers and its wiring.

The Union and the Board had in existence a collective bargaining agreement which provided at Paragraph C, Section 4, Article 20, for final and binding arbitration of grievances.

Article 32.5 of the agreement also provided a job-bidding scheme. Martin applied for two part-time positions posted for bid by the Board. One position was bus garage worker; one was bus driver. Without completely restating the bid section, it is sufficient to note that all parties agreed that based on Article 32.5 alone, Martin was entitled to the positions.

The Board gave the positions to other people, basing its decision to pass up Martin on Article 18 of the agreement, which contains a safety provision. This section requires the Board to maintain for the Union a safe workplace and allows Union employees the right to refuse to work under conditions which that employee "reasonably believes present an imminent danger of death or serious physical harm to the employee." The Board argued that Martin had once confessed to having "a drinking problem" and in settlement of a disciplinary action agreed to enroll in a twenty-eight-day rehabilitation program and to submit to a period of drug and alcohol testing upon reasonable suspicion of use. Around the time of the job posting, all parties agreed that Martin had admitted to the Board's superintendent that he continued to drink an occasional beer in his

home. Thus, the Board considered Martin unfit to perform the safety-sensitive positions of bus driver and bus garage worker.

The Union filed a grievance over the issue and eventually took the matter on Martin's behalf to arbitration. In a twenty-page arbitration award, in which the arguments of both the Union and Board were thoroughly discussed, the arbitrator ruled that Martin was entitled to the posted positions.

The Board filed for review by the Common Pleas Court under R.C. 2711.10. The lower court found that the award had no rational relationship to the contract and that it was irrational and arbitrary, and held that the award should be vacated.

On appeal, it appears that this court undertakes the same review as the common pleas court. *Lynch v. Halcomb* (1984), 16 Ohio App.3d 223, 16 OBR 238, 475 N.E.2d 181. The lower court is governed by R.C. 2711.10. This section states that a court may vacate an arbitration award for one of only four reasons. The first three statutory subsections deal essentially with wrongdoing on the part of the arbitrator. The last, R.C. 2711.10(D), states that the award will be vacated if "[t]he arbitrators exceeded their powers or, so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." R.C. 2711.15 allows a further appeal from an order vacating an arbitration award, but this further review is based on the standard set in R.C. 2711.10. *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186.

As the lower court noted, this standard is extremely high, and we are limited in scope upon review of such an award. The arbitrator's award must be presumed valid. *Findlay City School Dist. Bd. of Edn., supra,* at 132, 551 N.E.2d at 189–190. Even when an arbitrator's opinion contains an ambiguity which might raise an inference that the arbitrator exceeded his powers, so long as the award "draws its essence" from the labor contract it must be upheld. *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703. In *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1990), 52 Ohio St.3d 174, 556 N.E.2d 1186, the court revisited its holding in *Findlay,* expressly discussing, upholding and relying on *Findlay's* imposition of "judicial restraint" in the review of an arbitration award. The court explained:

"Our holding in *Findlay* was meant to foster the arbitration system of dispute resolution which ' " * * * provides the parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets." ' *Id.* at 131, 551 N.E.2d at 189. The only way to give effect to the purposes of the arbitration system of conflict resolution is to give lasting effect to the decisions rendered by an arbitrator whenever that

is possible. If a motion to vacate an arbitrator's award is granted, the arbitration method of conflict resolution becomes less speedy and more expensive and the advantage of unburdening crowded court dockets becomes less of an advantage (or no advantage at all). Hence, judicial inquiry for purposes of vacating an arbitrator's award is limited by *Findlay* and where a reviewing court exceeds the permissible scope of review such judgment will be reversed." *Id.* at 176, 556 N.E.2d at 1188–1189.

■ On review of the present matter the lower court determined that there was no "rational nexus" between the parties' contract and the arbitration award. In reaching this determination, the court held that the award did not "further the agreement into which the parties entered" because the arbitrator's decision "reduced the agreement to a seniority system." The court found that because of the Board's legitimate concern that Martin might be a substance abuser and its concern for the safety of the children under its control it had a right to rely on the safety section of the contract in denying Martin his promotion. The court found that the arbitrator wholly ignored the safety provisions in the contract when making his award and that this action was irrational and arbitrary, particularly where the safety of children is at issue.

We share the lower court's concerns in that we believe the safety of the children ought to be of paramount interest in any matters between the Board and Union. That said, the very high standard of review which we are bound by law to undertake in this matter requires that the original award be reinstated.

The arbitrator was very thorough. In reaching his decision, the arbitrator undertook a review of each and every relevant section of the parties' agreement, including the safety provisions. In fact, the arbitrator states that "after carefully considering the arguments advanced by each of the parties, the arbitrator must agree with the Board that where compliance with the seniority provisions of Article 32 of the collective bargaining agreement by awarding a safety sensitive position to an impaired employee would inevitably produce a safety hazard, Article 18 must necessarily control." The arbitrator went on to explain in a very systematic and painstaking fashion why the present case does not present such a situation. The arbitrator concluded that while the contract could be interpreted to allow the Board's safety concerns to override the seniority provisions, in this matter the Board simply did not present enough facts to do so. The Board allowed Martin to work in a safety-sensitive job maintaining boiler equipment and wiring without questioning his alleged impairment. The Board never had cause to test Martin for drug or alcohol use pursuant to their agreement following his return to work from his rehabilitation. The Board presented no evidence of the extent or nature of his current use and so presented no evidence of current impairment. The Board admitted that Martin had given them no cause to

suspect he posed a problem at all and that they would not have known he continued to have a beer at home but for his admission. Based on an analysis of all of the facts, the arbitrator concluded that this matter did not present a situation where the safety provisions outweighed the seniority bidding procedure. The arbitrator held for the Union on behalf of Martin.

On review of this award, a reviewing court must presume the award to be valid and may vacate it only if there is no connection with the contract. While many times it is possible to interpret a given contract more than one way, and while we may disagree with the interpretation made by the arbitrator, we may not delve into the substance of the award ourselves. The *Hillsboro* court stated:

"When a provision in a collective bargaining agreement is subject to more than one reasonable interpretation and the parties to the contract have agreed to submit their contract interpretation disputes to final and binding arbitration, the arbitrator's interpretation of the contract, and not the interpretation of a reviewing court, governs the rights of the parties thereto. This is so because the arbitrator's interpretation of the contract is what the parties bargained for in agreeing to submit their disputes to final and binding arbitration. The arbitrator's interpretation must prevail regardless of whether his or her interpretation is the most reasonable under the circumstances.

"The continued vitality of the arbitration system of dispute resolution can only be ensured through judicial restraint. Not only must a reviewing court limit its inquiry for purposes of vacating an arbitrator's award in accordance with the requirements in *Findlay*, but a reviewing court also must be sensitive to upholding an arbitrator's award whenever it is possible to do so." *Id.*, 52 Ohio St.3d at 177–178, 556 N.E.2d at 1190.

The arbitrator in the present matter did not ignore the safety provisions of the agreement. His interpretation of those provisions may not be ours, but his interpretation is the one the parties agreed to accept.

Based on the above, we must overrule the lower court's entry vacating the August 4, 1995 award and reinstate and confirm the arbitrator's award.

*Judgment reversed.*

VUKOVICH and COX, JJ., concur.