OPINION
{¶ 1} This is an appeal from the judgment of the Hancock County Common Pleas Court which confirmed an arbitrator's report at the request of Defendant-appellee, Cooper-Standard Automotive, Inc. (Cooper) and denied a motion to vacate the arbitrator's award filed by Plastech Engineered Products, Inc. ("Plastech")
 {¶ 2} In April, 2000, Plastech purchased certain assets from Cooper's Winnsboro, South Carolina Plant. The purchase price was determined based on a March 31, 2000 inventory balance. Pursuant to the purchase agreement, Plastech was required to deliver to Cooper a valuation of the inventory as of April 29, 2000, the date of closing, so that the purchase price could be adjusted accordingly. Thereafter, Plastech provided Cooper with an inventory admitting that it owed Cooper for additional inventory not counted in the initial valuation less any obsolete or excess inventory valued at $218,716. Plastech later conceded that it owed Cooper $488,240. However, Plastech claimed that it did not owe Cooper an additional $168,945 for inventory Cooper deemed obsolete or $151,790 for wet sand and TPU (raw material) as asserted by Cooper.
 {¶ 3} Pursuant to § 4.2 of the purchase agreement, the parties submitted their dispute to an arbitrator. Section 4.2 of the purchase agreement provides that "Such determinations by the Neutral Accountants shall be conclusive and binding upon the parties, absent fraud or manifest error." Furthermore, Plastech and Cooper agreed that the Arbitrator would use Generally Accepted Accounting Principles (GAAP) to determine the adjustment to be made to the purchase price.
 {¶ 4} After submitting evidence and answering questions posed by the Arbitrator, the Arbitrator released a written statement awarding Cooper $168,945 for inventory it deemed obsolete and $151,790 for wet sand and TPU (raw material). The parties received the award on April 3, 2003. Pursuant to the purchase agreement, the payment of the amount awarded was due within five days of receipt of the final adjustment amount determination. Plastech did not make any payment to Cooper. Rather, Plastech submitted a request for reconsideration to the Arbitrator suggesting that the Arbitrator overlooked critical evidence. In response, the Arbitrator sent both parties a letter which stated "The facts cited were considered by me and I do not believe that I have erred in reaching my determination." Consequently, Plastech filed a Complaint and a Motion to Vacate the Arbitrator's award asserting that the Arbitrator had committed manifest error and had exceeded or improperly executed his powers as Arbitrator. In response, Cooper filed an Answer, Counterclaim and Motion to Confirm the Arbitration award which included a request for interest.
 {¶ 5} The trial court confirmed the Arbitrator's decision stating "[a]n examination of the arbitrator's decision indicates that Plastech's claims were examined and considered by the Arbitrator. In fact, there is evidence in the record indicating that Zuber specifically requested additional information from the parties in order to consider their claims. * * * Moreover, there is no evidence in the record to suggest that the arbitrator totally ignored the accounting standards agreed to be applied by the parties." Additionally, after further briefing, the trial court awarded Cooper interest from the date the award became due and payable, April 8, 2002.
 {¶ 6} Plastech now appeals asserting two assignments of error. The first assignment of error asserts:
The trial court erred to the prejudice of the Plaintiff-appellant inconfirming the arbitration award in favor of Defendant-appellee.
 {¶ 7} Within one year, any party to an arbitration proceeding may apply to the court of common pleas for an order confirming the award. R.C. 2711.09. As long as an award is not vacated, modified, or corrected pursuant to R.C. 2711.10 and 2711.11, the court shall grant the order. Id.
 {¶ 8} Plastech filed a motion to vacate the award pursuant to R.C. 2711.10. That statutory section provides:
In any of the following cases, the court of common pleas shall make anorder vacating the award upon the application of any party to thearbitration if:
 (A) The award was procured by corruption, fraud, or undue means.
 (B) There was evident partiality or corruption on the part of thearbitrators, or any of them.
 (C) The arbitrators were guilty of misconduct in refusing to postponethe hearing, upon sufficient cause shown, or in refusing to hear evidencepertinent and material to the controversy; or of any other misbehavior bywhich the rights of any party have been prejudiced.
 (D) The arbitrators exceeded their powers, or so imperfectly executedthem that a mutual, final, and definite award upon the subject mattersubmitted was not made.[1]
 {¶ 9} A common pleas court's review of an arbitration decision is quite narrow. Goodyear Tire Rubber Co. v. Local Union No. 200
(1975), 42 Ohio St.2d 516, 520. The court may only vacate an arbitration award if the party seeking to vacate the award is able to establish that the award is defective in a manner recognized by R.C. Chapter 2711. SeeWarren Edn. Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170,173; Lockhart v. Am. Res. Ins. Co. (1981), 2 Ohio App.3d 99, 101. "The overriding policy reason for this limited form of review is founded upon the principle that when parties voluntarily agree to submit their dispute to binding arbitration, they agree to accept the result regardless of its legal or factual accuracy." Ford Hull-Mar Nursing Home, Inc. v. Marr,Knapp, Crawfis Assoc., Inc. (2000), 138 Ohio App.3d 174, 179, citing Goodyear Tire Rubber Co., supra.
 {¶ 10} The common pleas court does not independently weigh the evidence. Sparks v. Barnett (1992), 78 Ohio App.3d 448. "Instead, a common pleas court is bound by an arbitrator's factual findings and serves only as a mechanism to enforce the arbitrator's award." MotorWheel Corp. v. Goodyear Tire Rubber Co. (1994), 98 Ohio App.3d 45,51-52. Moreover, "[t]he fact that the common pleas court may have arrived at a different conclusion than did the arbitrator is immaterial." MotorWheel Corp., supra. While the above-cited statute pertains to the review of an arbitration award by the court of common pleas, the court of appeals conducts the same review. Barnesville Exempted Village SchoolDist. Bd. of Edn. v. Barnesville Assn. of Classified Employees (1997),123 Ohio App.3d 272, 274.
 {¶ 11} In this case, Plastech argues that the arbitrator exceeded its authority and imperfectly executed its powers by failing to use GAAP as agreed in § 4.2 of the purchase agreement when valuing the wet sand and TPU. Specifically, Plastech argues that it submitted unrebutted evidence which establishes that the methods used by the arbitrator to calculate the value were not in accordance with GAAP. However, Cooper submitted the affidavits of Robert G. Mitchell and Michael Babin which stated an alternative method of valuing the wet sand and TPU which supports the findings of the arbitrator. Consequently, under the circumstances, we cannot find that the trial court erred in failing to find that the Arbitrator exceeded his authority or imperfectly executed his powers by employing Cooper's valuation method.[2]
 {¶ 12} Plastech also argues that while the arbitrator stated the proper GAAP standard in its award for valuing alleged obsolete inventory, he failed to properly apply that standard. Specifically, Plastech claims that if the arbitrator had used the GAAP stated and applied it to all of the evidence Plastech presented, the arbitrator should have found in its favor. However, this claim essentially challenges the weight of the evidence and we are prohibited as was the trial court from independently weighing the evidence presented to the arbitrator.[3] Based on the foregoing, we cannot find that the trial court erred in confirming the arbitrator's award. Plastech's first assignment of error is overruled.
 {¶ 13} Plastech's second assignment of error asserts:
The trial court erred to the prejudice of the Plaintiff-Appellant ingranting prejudgment interest on the arbitration award predating theconfirmation date of that award.
 {¶ 14} R.C. 1343.03(A) provides in relevant part, that "a creditor is entitled to interest at the rate of ten per cent per annum when money becomes due and payable upon any instrument of writing." In the case of an agreement to pay an arbitrator's award, "a trial court commits reversible error by failing to award statutory interest on an arbitration award for a liquidated amount * * * from the date of the award when requested by a party pursuant to R.C. 1343.03(A)." Marra Constructors,Inc. v. Cleveland Metroparks Sys. (1993), 82 Ohio App.3d 557, 566-567;[4]
 {¶ 15} In this case, the trial court awarded interest beginning five days after the arbitrator's award which adheres to the language of the purchase agreement and R.C. 1343.03(A). Consequently, we cannot find that the trial court erred in awarding statutory interest, and Plastech's second assignment of error is overruled.
 {¶ 16} Based on the foregoing, the judgment of the trial court is affirmed.
Judgment affirmed.
Walters and Cupp, JJ., concur.
[1] R.C. 2711.11 provides for the modification or correction of an award for other reasons; however, Plastech filed a Motion to Vacate the Arbitration Award.
[2] Plastech also argues that the trial court should vacate the arbitrator's decision because the arbitrator committed "manifest error." However, regardless of any agreement in the arbitration agreement, R.C.2711.10 does not provide that an arbitration award may be vacated by a trial court for "manifest error." See University Mednet v. Blue Cross andBlue Shield of Ohio (1997), 126 Ohio App.3d 219, 232. In any event, Plastech's claim is not affected as it made the same arguments under "manifest error" as it did when it alleged that the arbitrator exceeded its authority.
[3] Plastech argues that Cooper did not rebut its testimony that "Industry practice supports the notion that parts remaining on hand for seventeen months should be deemed `obsolete' under GAAP." However, the arbitrator was not required to follow "industry practice" and as noted above, the arbitrator applied GAAP as to the alleged obsolete inventory.
[4] While Plastech argues that a trial court can only award interest from the date of confirmation of an arbitration award, Plastech attempts to support this theory using cases interpreting R.C. 1343.03(C); and therefore, the arguments are inapplicable.