CITY OF HILLSBORO, APPELLEE, *v.* FRATERNAL ORDER OF POLICE, OHIO LABOR COUNCIL, INC., APPELLANT.

[Cite as Hillsboro *v.* Fraternal Order of Police, Ohio Labor Council, Inc. (1990), 52 Ohio St. 3d 174.]

(No. 89-538—Submitted April 18, 1990—Decided July 3, 1990.)

*Fred J. Beery,* law director, and *Jonathan J. Downes,* for appellee.

*Paul L. Cox, Kay E. Cremeans* and *Deborah L. Bukovan,* for appellant.

*Calfee, Halter & Griswold, John E. Gotherman* and *Stanley J. Dobrowski,* urging affirmance for *amicus curiae,* Ohio Municipal League.

DOUGLAS, J.

R.C. 2711.10 provides in pertinent part:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"* * *

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

Recently, in *Findlay City School Dist. Bd. of Edn.* v. *Findlay Edn. Assn.* (1990), 49 Ohio St. 3d 129, 551 N.E. 2d 186, we discussed the degree of judicial restraint necessary for a court to exercise in reviewing an arbitrator's award. In *Findlay,* paragraphs one and two of the syllabus, we held:

"1. Given the presumed validity

of an arbitrator's award, a reviewing court's inquiry into whether the arbitrator exceeded his authority, within the meaning of R.C. 2711.10(D), is limited.

"2. Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10 (D) is at an end. * * *"

· Our holding in *Findlay* was meant to foster the arbitration system of dispute resolution which " '* * * provides the parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets.' " *Id.* at 131, 551 N.E. 2d at 189. The only way to give effect to the purposes of the arbitration system of conflict resolution is to give lasting effect to the decisions rendered by an arbitrator whenever that is possible. If a motion to vacate an arbitrator's award is granted, the arbitration method of conflict resolution becomes less speedy and more expensive and the advantage of unburdening crowded court dockets becomes less of an advantage (or no advantage at all). Hence, judicial inquiry for purposes of vacating an arbitrator's award is limited by *Findlay* and where a reviewing court exceeds the permissible scope of review such judgment will be reversed.

In the case at bar, the arbitrator reviewed Section 15.3, Article XV of the collective bargaining agreement, which provides:

"All *hours actually worked in excess of* eight (8) hours in one day or *for-*

ty (40) hours in one week* shall be paid at one and one-half (1½) times the employees [*sic*] regular straight-time hourly rate." (Emphasis added.)

The arbitrator concluded that the term "hours actually worked" applied only to those hours worked in *excess* of forty hours in one week. The arbitrator was then faced with an obligation to determine what type of hours could be used to calculate the "forty (40) hours." Since "hours actually worked" applied only to those hours worked in excess of forty hours, the arbitrator reasoned that the forty hours themselves could include those hours for which an employee is entitled to be paid *regardless* of whether actual work was performed. Griffith was entitled to be paid for eight hours of holiday pay for July 4, 1986[3] and the arbitrator included those hours in the forty-hour computation to determine Griffith's overtime eligibility for the work she performed on July 9, 1986. The eight hours in which work was performed on July 9, 1986 were "hours actually worked in excess of" the arbitrator's forty-hour computation. As such, Griffith was awarded overtime pay for the work she performed on July 9.

The trial court and the court of appeals held that Section 15.3, Article XV of the contract was unambiguous and subject to but one interpretation. According to the trial court and a majority of the court of appeals, the "eight (8) hours in one day or forty (40) hours in one week" must also be hours "actually worked" and the arbitrator, in effect, substituted the term "hours in active pay status" for the contract language "hours actually worked," thereby exceeding her authority.[4]

We do not agree. In the court of

---

[3] Pursuant to Section 18.1, Article XVIII of the collective bargaining agreement, Griffith received a paid holiday for Independence Day.

[4] The collective bargaining agreement at Section 8.5(B), Article VIII provides in relevant part:

"The arbitrator shall have no power or

appeals, Presiding Judge Grey (dissenting) made the following observations:

"The trial court, and the majority opinion do the very thing they accuse the arbitrator of doing — re-writing the agreement under the guise of interpreting it.

"* * * The trial court decision subverts the whole purpose of arbitration under R.C. 2711.10.

"* * * The trial court, in effect, rewrote the contract so that Section 15.3 of the agreement would read as follows:

" 'SECTION 15.3 OVERTIME. All hours actually worked in excess of eight (8) hours [actually worked] in one day or forty (40) hours [actually worked] in one week shall be paid at one and one-half (1½) times the employee's regular straight-time hourly rate.'

"The clear unambiguous intent of the language is that the police officer can get overtime only for overtime hours actually worked. An officer cannot get the overtime rate for hours or days credited but not worked. * * *"

Clearly, Section 15.3, Article XV of the agreement is subject to more than one reasonable interpretation and, hence, is ambiguous. Section 15.3, Article XV can be interpreted to deal only with those hours actually worked in excess of forty hours. Therefore, we find that the arbitrator merely rendered her bargained-for interpretation of the contract.

Applying our holding in *Findlay* to the case at bar, we find the arbitrator applied the correct section of the collective bargaining agreement. The contractual provision was obviously subject to more than one interpretation and the arbitrator concluded that the term "hours actually worked" applied only to those hours *in excess of* "forty (40) hours in one week." The arbitrator determined that the "forty (40) hours in one week" included the hours of holiday pay and awarded Griffith overtime compensation for those hours "actually worked" *in excess of* "forty (40) hours in one week." Clearly, the award draws its essence from the agreement. Further, the arbitrator merely interpreted the contract rather than adding to, subtracting from, or altering the language of the contract and, hence, she did not exceed her authority under the terms of the contract.

Therefore, the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, and, thus, the award should not have been vacated. The trial court and a majority of the court of appeals erred in substituting their interpretation of Section 15.3, Article XV for that of the arbitrator. Both courts exceeded their limited power to review the arbitrator's award. When a provision in a collective bargaining agreement is subject to more than one reasonable interpretation and the parties to the contract have agreed to submit their contract interpretation disputes to final and binding arbitration, the arbitrator's interpretation of the contract, and not the interpretation of a reviewing court, governs the rights of the parties thereto. This is so because the arbitrator's interpretation of the contract is what the parties bargained for in agreeing to submit their disputes to final and binding arbitration. The arbitrator's interpretation must prevail

---

authority to add to, subtract from, or in any manner, alter the specific terms of this Agreement * * * or to make any award that

* * * violates any of the terms and conditions of this Agreement. * * *"

regardless of whether his or her interpretation is the most reasonable under the circumstances.[5]

The continued vitality of the arbitration system of dispute resolution can only be ensured through judicial restraint. Not only must a reviewing court limit its inquiry for purposes of vacating an arbitrator's award in accordance with the requirements in *Findlay*, but a reviewing court also must be sensitive to upholding an arbitrator's award whenever it is possible to do so.

For all the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. The particular language of the agreement at issue here is contained in Section 15.3, entitled "Overtime." At the crux of this dispute is the meaning of the following sentence:

"All hours *actually worked* in excess of eight (8) hours in one day or forty (40) hours in one week shall be paid at one and one-half (1½) times the employees regular straight-time hourly rate." (Emphasis added.)

The arbitrator found the foregoing language to be "obviously ambiguous." Based on this conclusion, the arbitrator directed the plaintiff-appellee (the "city") to pay the grievant, Betty Griffith, overtime for periods in which she had been in "active pay status,"

but had not actually worked, in excess of forty hours in one week.

The courts below did not find the language ambiguous. The court of common pleas stated:

" 'Hours actually worked' means exactly that and cannot be interpreted in any other way."

Similarly, the court of appeals held that:

" 'Actually worked' means 'actually worked.' "

Based on these conclusions, the courts below found that the arbitrator had exceeded the scope of her powers by altering and adding to the specific terms of the agreement and vacated the arbitrator's award.

It is apparent that, as the courts below concluded, the real import of the arbitrator's decision was to replace the words "actually worked" with the phrase "in active pay status." Neither "actually" nor "worked" is ambiguous. Both words have readily understood dictionary definitions in common usage. Since no reasonable ambiguity should exist in the contract language, given a grammatical construction of the sentence and the clear definitions of the critical words, the lower courts recognized that the arbitrator necessarily altered and added to the contract language and thereby exceeded the scope of her powers.

The arbitrator's error in exceeding her powers was a valid basis for the court of common pleas to vacate the arbitrator's decision under R.C. 2711.10(D) and for the court of appeals to affirm the trial court. Accordingly, I respectfully dissent.

---

[5] A judge reviewing an arbitrator's award may completely disagree with the arbitrator's interpretation of the contract. However, the degree of judicial restraint

necessary for a reviewing court to exercise in reviewing an arbitrator's award may, nevertheless, require the judge to deny a motion to vacate the arbitrator's award.