OPINION
On April 11, 1996, appellee, the Lancaster City School District Board of Education, adopted an employee retirement incentive plan. The plan provided that all teachers eligible to retire by July 1, 1996 must retire by that date.
On April 15, 1996, a letter was sent to all eligible teachers outlining the plan. One of these teachers was William D. Gruezke. Mr. Gruezke wanted to partake in the plan but wanted to retire on July 1, 1997. Mr. Gruezke was told he could not retire on said date and had to retire on July 1, 1996 per the terms of the plan.
On May 14, 1996, Mr. Gruezke submitted his application to partake in the plan. Appellee accepted the application on May 23, 1996.
On June 5, 1996, appellant, the Lancaster Education Association, filed a grievance on behalf of Mr. Gruezke challenging the restriction of his retirement date. A hearing was held on December 17, 1996. By decision dated March 24, 1997, the arbitrator found the date restriction was in contravention of R.C.3307.35 and Article XI(I)(5) of the collective bargaining agreement between appellee and appellant.
On June 24, 1997, appellee filed a motion to vacate arbitrator's award with the Court of Common Pleas of Fairfield County, Ohio. On July 25, 1997, appellant filed a petition to confirm the arbitration award. By memorandum filed November 4, 1994 and judgment entry filed November 18, 1997, the trial court granted appellee's motion to vacate the award because Mr. Gruezke had not filed his grievance within time and therefore the arbitrator was without authority to issue an award.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE LOWER COURT MISAPPLIED THE STANDARD OF REVIEW FOR ARBITRATION AWARDS AND THUS ERRED IN GRANTING THE BOARD OF EDUCATION'S MOTION TO VACATE ARBITRATION AWARD.
 I
Appellant claims the trial court erred in vacating the arbitrator's award because the grievance was not timely filed. We agree.
In its November 4, 1997 memorandum, the trial court correctly identified the standard of review pursuant to R.C. 2711.10(D) as "the court of common pleas shall make an order vacating the award * * * if [t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." "Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end."Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.
(1990), 49 Ohio St.3d 129, paragraph two of the syllabus.
The trial court found Mr. Gruezke's grievance was not timely filed under the terms of the collective bargaining agreement. Article VI(A)(5)(b) of the agreement provides "[a]ny grievance processed hereinafter shall be commenced within twenty (20) days of the date the grievant knew or should have known of the conditions on which the grievance is based."
In his March 24, 1997 decision, the arbitrator interpreted this provision in light of the facts and found a timely filed grievance stating as follows:
 Accordingly, while the herein `alleged violation, misinterpretation, misapplication of this contract . . ., standing alone, became evidence shortly after April 15, 1996; what is far less clear is exactly when the Grievant's `compliant' came about. What further clouds the picture is that the evidence indicates ERIP discussions took place between the Association and the District before, during, and after the April 15 — May 15, 1996, ERIP application period. Thus, it was not unreasonable for the Grievant to have felt a real possibility existed that the requirement of the April 11, 1996, ERIP objected to by him and others — i.e., the mandatory July 1, 1996, retirement date — would be rescinded. Indeed one ERIP requirement referred to in Dr. Binni's April 15, 1996, memorandum was that there would be a `maximum of 40 people' involved. Nevertheless, on May 23, 1996 — after the May 15, 1996, application deadline — the Board acted to increase this to 44. Therefore, it cannot firmly be concluded that the Grievant had an Article VI(A)(2) `grievance' before May 13, 1996, when he submitted his ERIP retirement letter (Administration Exhibit — 17). In other words, it cannot be determined in any conclusive sense the instant grievance was filed subsequent to the expiration of the Article VI(A)(5)(b) `twenty (20) days' time limit. Ultimately, the instant grievance is held to be both substantively and procedurally arbitrable.
In its November 4, 1997 memorandum, the trial court gave its own interpretation of the provision in light of the facts stating as follows:
 [T]he letter received by Mr. Gruezke clearly stated in bold lettering `If you're eligible to retire by July 1, 1996, you must retire by that date. You cannot wait until July 1, 1997.' This certainly appears to give Mr. Gruezke notice of the grievance. Unfortunately, Mr. Gruezke did not file this grievance until June 5, 1996, over a month after he had notice of the violation by the Board. According to the collective bargaining agreement he had only 20 days in which to do so. Certainly had Mr. Gruezke filed within that time, there would have been a different result. The Court has no choice, in light of the agreement, to find that Mr. Gruezke's grievance was not timely filed and that the arbitrator was without authority to issue this award.
As previously cited, in order for a trial court to reverse an arbitration award under R.C. 2711.10(D), the arbitrator must have exceeded his powers. The interpretation of the agreement as well as the determination of the factual matters are clearly within the powers of the arbitrator. Hillsboro v. Fraternal Order of Police,Ohio Labor Council, Inc. (1990), 52 Ohio St.3d 174.
Upon review, we find under Findlay and Hillsboro the interpretation of the agreement in light of a decision on factual matters by the trial court was beyond the trial court's scope of review. The trial court's granting of the motion to vacate based upon the timeliness issue was contrary to law.
The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed.
By Farmer, P.J., Gwin, J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is reversed.