JOURNAL ENTRY and OPINION
Plaintiff-appellant David J. Williams appeals from the trial court's decision granting defendant-appellee Beverly Williams' motion for judicial interpretation and clarification of divorce judgment and appellee's motions to show cause. For the reasons below, we affirm.
On August 25, 1992, appellant filed a complaint for divorce against appellee. On March 18, 1994, the parties executed an agreed judgment entry for divorce and separation agreement.
At the time of the divorce, appellant was involved in a lawsuit regarding the termination of a business partnership. The lawsuit, Williams v. Waller, Cuyahoga County Court of Common Pleas Case No. 257301, was pending at the time the parties entered into the separation agreement. Pursuant to the separation agreement, appellee was to receive a portion of the damages that appellant anticipated receiving from Case No. 257301.
Case No. 257301 was a multi-count lawsuit. A total of nine different contracts served as the basis of the claims in the complaint. Only two of those contracts are referenced in the parties' separation agreement as EPA contracts, and were contained in count one of the complaint filed in Case No. 257301.
Ultimately, appellant was successful in the aforementioned litigation, and on October 21, 1994, the jury in Case No. 257301 returned a verdict favorable to appellant. He was awarded $596,646.27 in compensatory damages, $250,000 in punitive damages and $42,349.72 in attorneys' fees. The distribution of these proceeds is in dispute.
Specifically at issue is the interpretation of paragraph 8 of the separation agreement which sets forth appellee's entitlement to a portion of the award in Case No. 257301. Appellant maintains that appellee is only entitled to one-half of the amount awarded appellant for his interest in the EPA contracts.[1] Appellee maintains that she is entitled to one-half of the entire award that appellant received in Case No. 257301.
On November 9, 1994, at a show cause hearing held pursuant to a motion filed by appellee, the parties executed an agreed judgment entry whereby appellant admitted owing an amount in arrearage for spousal support, and agreed to pay $1,000 additional dollars in attorneys' fees to appellee. Said $1,000 was to be paid from appellant's portion and/or his one-half interest in the proceeds received from Case No. 257301.
Appellant failed to comply with the above order, and on June 23, 1995, appellee filed a second motion to show cause against appellant, and a motion for temporary restraining order against appellant and his law firm in order to keep the proceeds from Case No. 257301 from being distributed. Appellee further asserted in her motions that based on the terms of the separation agreement, specifically paragraph 8, she is entitled to one-half of the net proceeds from Case No. 257301.
On October 24, 1995, the court held a hearing regarding the above motions. As a result of the hearing, the court issued a magistrate's decision which found that paragraph 8 was ambiguous, but, without explanation, the magistrate determined that parol evidence would not serve to interpret the ambiguity. Thus, the magistrate determined that pursuant to paragraph 8 of the separation agreement, appellee was entitled to one-half of the proceeds from the judgment award on the EPA contracts only.
Appellee filed an objection to the magistrate's decision. In reviewing the matter, the court held on April 29, 1996, that because paragraph 8 is ambiguous, the parties were entitled to present parol evidence to interpret or construe the terms of the agreement.
On May 17, 1996, appellee filed another motion to show cause, again asserting her entitlement to one-half of the proceeds from the judgment awarded appellant, and alleging appellant's failure to pay spousal support and marital debts, including life insurance and medical insurance, as required by the divorce decree.
On May 22, 1996, appellee filed a motion for judicial interpretation and clarification of the parties judgment entry of divorce and separation agreement. Said motion was filed because the ambiguities of paragraph 8 had still not been resolved by the court.
On September 15, 1999, a magistrate's decision was rendered which granted appellee's motions to show cause. Further, the magistrate interpreted paragraph 8 of the separation agreement and found that appellee is entitled to one-half of the entire amount awarded to appellant in Case No. 257301. On May 26, 2000, the trial court adopted the magistrate's decision in its entirety.
Appellant raises the following assignments of error:
 I. THE LANGUAGE OF SECTION 8 OF THE PARTIES' SEPARATION AGREEMENT IS UNAMBIGUOUS AND THE INTEREST OF THE PARTIES AT THE TIME OF ITS EXECUTION IS CLEAR.
 II. THE TRIAL COURT INCORRECTLY ALLOWED PAROL EVIDENCE OF ACTIONS AND STATEMENTS OF THE PARTIES TAKEN AFTER THE EXECUTION OF THE SEPARATION AGREEMENT TO BE USED TO DETERMINE THE PARTIES' INTEREST AT THE TIME OF ITS EXECUTION.
Appellant argues that paragraph 8 was unambiguous because it stated that appellee was only to receive one-half of the award on the claim based on the EPA contracts, and that by finding otherwise, the trial court abused its discretion.
The question of whether a contract is ambiguous is a question of law to which this court applies a de novo standard of review. Progress Properties, Inc. v. Baird et al. and Patterson, et al. (Oct. 23, 1997), Cuyahoga App. Nos. 70286, 70287, unreported, citing, Ohio Historical Society v. General Maintenance Engineering Co. (1989),65 Ohio App.3d 139, 583 N.E.2d 340; Seringetti Constr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1, 553 N.E.2d 1371. A contract is ambiguous if it is susceptible to more than one reasonable interpretation. Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc. (1990),52 Ohio St.3d 174, 177, 556 N.E.2d 1186.
Paragraph 8 is a combination of typewritten and handwritten terms. The separation agreement was typed by appellant's attorney and the handwritten additions were made by appellee's attorney. Appellant's signature appears on each page that contains a handwritten edit. Paragraph 8 in its entirety states as follows:
 8. Other property. The parties agree to divide equally the net proceeds which may result to Husband pursuant to two contracts which he is claiming a financial interest pursuant to his former employment with CTC/MR Joint Venture. Said contracts, one with the EPA in Cincinnati and one with the EPA in Port Orchard, Washington, are currently the subject of a lawsuit in the Cuyahoga County Common Pleas Court, Case No. 257301 and or any other case # or caption.
 Should Husband be granted an interest in said contracts or lawsuits or settlements as a result of the aforementioned lawsuit, the net income payable to him shall be divided equally between the parties. Husband shall be solely liable for any debt or expense associated with the aforementioned litigation. Husband shall notify wife of all settlement offers and settlement proposals. Wife shall approve all settlement negotiation and release. (Handwritten portions emphasized.)
The language of paragraph 8 is ambiguous. The first paragraph states that appellee is entitled to one-half of the proceeds from the claim regarding the EPA contracts; however, when read in its entirety, it states that appellee is also entitled to one-half of any amount received as a result of Case No. 257301. Thus, the trial court did not err in finding that this provision is ambiguous because it is susceptible to more than one reasonable interpretation.
Appellant argues that the doctrine of ejusdem generis applies to the case at hand and as such, the general language found in the second clause of paragraph 8 is negated by the first clause which specifically entitles appellee to the portion of the proceeds pertaining to appellant's interest in the EPA contracts only.
The purpose of the doctrine of ejusdem generis is to interpret a general provision in a contract, and to limit its scope when a more specific provision pertaining to the same matter is included in the contract. See Kay v. The Pennsylvania Rd. Co, et al. (1952),156 Ohio St. 503, 103 N.E.2d 751, (holding that when general words follow specific terms, the meaning of the general words will, under the rule of ejusdem generis, be limited to things of the same kind, class or nature as those specifically enumerated.) However, the doctrine should not be applied to delete the general provision altogether or to render it meaningless. See Katz v. M.M.B. Co. et al. (1986), Cuyahoga App. No. 50579, unreported (the purpose of ejusdem generis is applied to harmonize a general clause with a specific clause in a contract); see also, Dingledy Lumber Co. v. Erie Railroad (1921), 102 Ohio St. 236,131 N.E. 723. Further, the ejusdem generis rule of contracts is not a conclusive rule of construction, particularly when it would violate the intention of the parties as expressed in the agreement. Katz, supra, citing, Cargile Contractor v. Contractor's Serv. Co. (1971),29 Ohio App.2d 128.
Here, the parties intended for the general language added to paragraph 8 to have some meaning; otherwise, there would have been no need to add the language at all. See Mon-Rite Construction Co. v. Northeast Ohio Regional Sewer District (1984), 20 Ohio App.3d 255. Thus, to apply ejusdem generis as a means of deleting the general language of paragraph 8 would violate the intention of the parties as expressed through their inclusion of this provision in the separation agreement. As such, the doctrine of ejusdem generis is inapplicable to the matter at hand, because it would not serve to interpret the general provision provided in the separation agreement, but would rather undermine or rewrite the provision to which the parties agreed.
The more logical approach to the ambiguous contract provision is to interpret the intent of the parties in creating the general language in paragraph 8, rather than deleting this language altogether.
The general language of paragraph 8 states as follows:
 Should Husband be granted an interest in said contracts or lawsuits or settlements as a result of the aforementioned lawsuit, the net income payable to him shall be divided equally between the parties.
Despite the ambiguity of paragraph 8, the sentence above can be read as listing the alternative methods of compensation to which appellee is entitled pending the outcome of Case No. 257301. However, to further interpret the intent of the parties when adding this language, parol evidence is required.
It is generally presumed that the intent of the parties to a contract resides in the language they choose to employ in the agreement. Shifrin v. Forest City Enterprises (1992), 64 Ohio St.3d 635, 597 N.E.2d 499. However, parol evidence is admissible, at least for some purposes, where a contract is ambiguous. Hildebrand v. Fogle (1851), 20 Ohio 147, affirmed, in Illinois Controls, Inc. v. Langham (1994), 70 Ohio St.3d 512,639 N.E.2d 771.
Here, we find that the language found in paragraph 8 of the separation agreement is ambiguous because it is susceptible to more than one reasonable interpretation. See Hillsboro 52 Ohio St.3d 174, 177,556 N.E.2d 1186. Therefore, the trial court did not err in reviewing parol evidence when interpreting paragraph 8.
The parol evidence submitted and reviewed by the trial court suggests that when paragraph 8 was constructed, it was not certain whether appellant would be successful in his lawsuit against Waller. Further, appellant was uncertain as to which contracts would be at issue. Based on these uncertainties, the parties used broad language to insure that regardless of the outcome of Case No. 257301, if appellant was successful, appellee would get her appropriate share of the proceeds. Thus, the language was set in the alternative: if appellant was found to have an interest in the EPA contracts referenced in paragraph one, then appellee would receive one-half of that interest; or if appellant was awarded an amount in the lawsuit (Case No. 257301), the amount would be divided equally between appellant and appellee; or if the lawsuit was settled, appellee would receive one-half of the settlement.
This interpretation is supported by appellant's testimony in Case No. 257301. During cross-examination, Waller was attempting to prove that appellant was hiding assets from appellee. The separation agreement was directly at issue. During his testimony, he was asked to read paragraph 8 and then explain his intent at the time the separation agreement was entered. On cross-examination, while under oath, appellant stated as follows:
Q: That language that you read, two contracts
A: It's not complete language.
Q: It mentions two contracts?
A: And others.
On re-direct examination, appellant stated the following:
 Q: Okay. So the subject of this separation agreement is whatever happens in this lawsuit [Case No. 257301]?
A: That's correct.
 Q: And while there's two contracts that are mentioned, whatever is the subject of this lawsuit, will be divided between you and your ex-wife?
 A: Right, at the time * * * At the time that the typewritten versions there were contracts that were pending that I wasn't aware whether or not they were going to be awarded. So between the attorneys and my attorney and her attorney, the verbiage was written in by hand. I noted that there are things that I'm not sure about.
Appellant's testimony is admissible parol evidence as it serves to illuminate the circumstances under which the separation agreement was executed by the parties. See Masters v. Freeman (1897), 17 Ohio St. 323; Third National Bank v. Laidlaw (1912), 86 Ohio St. 91, 98 N.E. 1015; Parkbrook Development Corporation v. Northern Reflections (April 27, 1995), Cuyahoga App. No. 66712, unreported.
Appellant's own sworn testimony serves as evidence that the intent of the parties in adding the general language found in paragraph 8 of the separation agreement was to encompass the entire amount to be awarded to appellant in Case No. 257301. Thus, appellee is entitled to one-half of that amount.
Based on the foregoing, both of appellant's assignments of error are overruled, and the trial court's decision is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ COLLEEN CONWAY COONEY JUDGE
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] Appellant alleges that the judgment was divided among the counts; however, the jury verdict sheet sets forth a lump sum award for compensatory damages and separate awards for punitive damages and attorneys' fees. Thus, the court's record does not support appellant's contention that the award was divided by count, and that the amount that he received solely from the EPA contracts is readily ascertainable.