DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from the Lucas County Court of Common Pleas. For the following reasons, we affirm the trial court's judgment.
The city of Toledo ("the city"), appellant, and the American Federation of State, County and Municipal Employees ("AFSCME"), American Federation of Labor-Congress of Industrial Organizations ("AFL-CIO"), Ohio Council 8 and Local 7, *Page 2 
appellee, have been parties to a collective bargaining agreement ("CBA"). Since 1994, the CBA provided that the city would "pick up" the employees' contributions to the Public Employee Retirement System ("PERS") while still paying the PERS-mandated employer contributions. Both public employers and public employees are required to pay to PERS a certain percentage of wages. See R.C. 145.47, 145.48.
Initially, beginning in 1993, the employee contribution rate was 8.5 percent of wages. Beginning in 1994, the CBA required the city to pay 0.5 percent and the employee contribution rate was reduced correspondingly, to 8.0 percent. For each subsequent year, the city picked up a higher rate and the employee contribution rate was decreased until, in 1999, the city picked up the entire 8.5 percent and the employee contribution rate was zero percent.
Effective January 1, 2006, the Public Employees Retirement Board raised the required employee contribution rates, at increases of 0.5 percent per year until the statutory maximum amount of 10 percent is reached. However, the 1999 CBA's "pick up" provision remained unchanged in the current CBA, effective July 1, 2005, through June 30, 2008. After January 1, 2006, the city continued to pick up 8.5 percent of the employee contributions and began to withhold the remaining 0.5 percent from the bargaining unit members' wages.
Appellee filed a grievance alleging a violation of the CBA. The matter proceeded to arbitration. The arbitrator's opinion held that the city violated the terms of the CBA by failing to pay 100 percent of the employee contributions to PERS. The decision relied, in *Page 3 
part, on a CBA "maintenance" provision that "all conditions of employment * * * relating to hours of work, overtime differentials and all working conditions shall be maintained at not less than the highest minimum standards in effect at the time of the passing of this Title of the Code and the conditions of employment shall be improved wherever specific provisions for improvement are made elsewhere in this Title of Code. It is further understood and agreed that any wages, hours or working conditions agreed to that are in excess of those established herein shall not be reduced." The city was ordered to "cease and desist deducting any employee PERS contribution" and awarded the employees "repayment for total amount of the deducted amount."
The city filed a motion to vacate the arbitration award in the Lucas County Court of Common Pleas pursuant to R.C. 2711.10. The trial court, in affirming the arbitration award, found that that the arbitrator did not vary from the four corners of the CBA, both parties were aware that the PERS pickup provisions did not vary from 1999 yet the city continued to pay all of the employee contributions, and both parties were aware of the PERS increase before the instant agreement was reached.
The city timely appealed the trial court's judgment and has filed one assignment of error for review:
"I. The lower court erred in denying appellant's request to vacate arbitrator Johns [sic] S. Weigheit's award obligating appeallant [sic] to pay the Ohio Public Employee's Retirement System's mandated five percent increase in the employee's contribution rate, and all subsequent increases." *Page 4 
Concomitantly, the city has filed two issues for review:
"A. The arbitrator exceeded his power by imposing an obligation on apellant [sic] that was not expressly provided in the collective bargaining agreement.
"B. The arbitrator's award conflicted with the express terms of the collective bargaining agreement."
"[C] ourts are limited to determining whether an arbitration award is unlawful, arbitrary, or capricious and whether the award draws its essence from the CBA. Findlay City School Dist. Bd. of Edn. v. FindlayEdn. Assn. (1990), 49 Ohio St.3d 129, paragraph two of the syllabus, superseded by statute on other grounds, see Cincinnati v. Ohio Council8, Am. Fedn. of State, Cty. Mun. Emp., AFL-CIO (1991),61 Ohio St.3d 658, 661-662. An award draws its essence from the CBA when there is a rational nexus between the CBA and the award. Mahoning Cty. Bd. ofMental Retardation (1986), 22 Ohio St.3d 80, paragraph one of the syllabus." Southwest Ohio Regional Transit Auth. v. Amalgamated TransitUnion, Local 627 (2001), 91 Ohio St.3d 108, 110. "[A] n arbitrator may not apply extraneous rules to the agreement, where those rules were not bargained for and are contrary to the plain terms of the agreement itself." Internatl. Assn. of Firefighters, Local 67 v. Columbus (2002),95 Ohio St.3d 101, 104.
The city argues that the arbitrator's award should be vacated pursuant to R.C. 2711.10(D), which provides:
"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if: *Page 5 
"* * *
"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." R.C. 2711.10(D).
The city argues that the arbitrator exceeded his powers when he ignored the CBA's plain language that the city is responsible for 8.5 percent of the employee contributions to PERS. Section 2117.23 of the CBA prohibits an arbitrator from amending, adding to, or deleting any provision of the CBA. The arbitrator also acknowledged that the CBA was silent regarding future changes in PERS mandated contribution rates. Therefore, the city argues, the arbitrator added new language to the contract when it held the city responsible for 100 percent of employee contributions, effectively changing the pickup amount from 8.5 percent to 9.0 percent.
Reviewing courts give substantial deference to an arbitrator's interpretation of a collective bargaining agreement. "When a provision in a collective bargaining agreement is subject to more than one reasonable interpretation and the parties to the contract have agreed to submit their contract interpretation disputes to final and binding arbitration, the arbitrator's interpretation of the contract, and not the interpretation of a reviewing court, governs the rights of the parties thereto. (Findlay City School Dist. Bd. of Edn. v. Findlay Edn.Assn. (1990), 49 Ohio St.3d 129, approved, applied and followed.)"City of Hillsboro v. Fraternal Order of Police, Ohio Labor Council,Inc. (1990), 52 Ohio St.3d 174, syllabus. "Once it is determined that the arbitrator's award draws its essence from *Page 6 
the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end." Id. at 176, quoting Findlay City School Dist. Bd. of Edn., supra, paragraph two of the syllabus.
The arbitrator's decision is neither arbitrary nor capricious, and it draws its essence from the CBA. While the pickup provisions can be seen, as the city contends, as setting a maximum amount to be picked up by the city, the provisions can equally be seen as a plan to reduce the employees' contributions to zero. While the CBA is silent as to the effect of future contribution increases, it definitely does not allow the city to withdraw the additional amount from the employees' paychecks. If the city adhered to its own argument regarding the strict language of the pickup provision, it would have ceased picking up the employees' contributions after 1999, instead of continuing to pick up 100 percent of the employees' contributions through 2005. Moreover, the arbitrator's rationale — that any change in the ratio of employer to employee contributions would be contrary to the intent of the maintenance provision — is not at variance with the pickup provisions. Since the arbitrator's award draws its essence from the CBA, the trial court correctly denied the city's request to vacate the award pursuant to R.C. 2711.10(D).
Accordingly, appellant's assignment of error is not well-taken, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in *Page 7 
preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1