[Cite as *Allen Cty. Sheriff's Office v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 2012-Ohio-3122.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

ALLEN COUNTY SHERIFF,

    PLAINTIFF-APPELLEE,          CASE NO.  1-11-55

    v.

FRATERNAL ORDER OF POLICE,        O P I N I O N
OHIO LABOR COUNCIL, INC.,

    DEFENDANT-APPELLANT.


Appeal from Allen County Common Pleas Court
Trial Court No. CV 2011 0495

**Judgment Affirmed**

Date of Decision:   July 9, 2012


APPEARANCES:

    *Gwen Callender*  for Appellant

    *Benjamin S. Albrecht and Matthew D. Whitman*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, the Fraternal Order of Police, Ohio Labor Council Inc., (hereinafter "the Union"), appeals the Allen County Court of Common Pleas' judgment entry granting the motion and application to vacate the conciliation award made by the Plaintiff-Appellant, the Allen County Sheriff's Office, (hereinafter "the Sheriff"), and denying the Union's motion to confirm the conciliation award. For the reasons that follow, we affirm.

{¶2} The Union and the Sheriff were parties to a collective bargaining agreement effective from January 1, 2008 through December 31, 2010. (Agreement, Ex. 2). The agreement provided that the Union would receive health insurance "on the same basis as provided to all non-bargaining unit employees in the Sheriff's Office, including those covered by other bargaining agreements, and other employees paid under the County General Fund and who are eligible for the County Insurance Plan." (*Id.*). The agreement permitted the Union to elect supplemental health insurance benefits covering family members. (*Id.*).

{¶3} On October 20, 2010, the Board of County Commissioners (hereinafter "the Board") adopted Resolution #629-10. (Resolution #629-10, Ex. 5). The new resolution stated:

[A]s a means to reduce costs to Allen County taxpayers effective January 1, 2011, if an employee's spouse is eligible to participate in

a group insurance plan sponsored by his/her employer, enterprise or any public or private retirement plan, the employee's spouse will not be eligible to be enrolled in the CEBCO health insurance and the VSP vision insurance plans. (*Id*.).

Consequently, a spouse of a county employee, including a spouse of a Union member, would no longer be covered by the county's health insurance plan if the spouse was eligible to participate in another group insurance plan. (Conciliation Award, Ex. 1).

**{¶4}** Subsequently, the Sheriff and the Union began negotiations for a new collective bargaining agreement. (*Id*.). The Union proposed language to the section of the agreement regarding health insurance that stated, "[T]he term family shall include spouses." (*Id*.). The Sheriff and the Union were unable to reach an agreement on health care and submitted the issue to fact finding. (*Id*.).

**{¶5}** The fact finder held a hearing on February 11, 2011 on the health care provision and several other unresolved issues. (*Id*.). The fact finder recommended that the parties include the Union's language in the collective bargaining agreement. (*Id*.). The fact finder's recommendation was rejected. (*Id*.).

**{¶6}** The conciliator held a hearing on April 18, 2011. (Ex. 1). On April 27, 2011, the conciliator awarded the Union's proposed language, changing the supplemental benefits provision to state, "[T]he term family shall include

spouses." (*Id*.). Throughout the proceeding, the Sheriff maintained that the conciliator lacked jurisdiction to mandate that the county must provide health insurance to spouses who have other health insurance coverage available. (*Id*.).

{¶7} On July 1, 2011, the Sheriff filed a motion and application to vacate the conciliation award with a memorandum in support in the Allen County Court of Common Pleas. (Doc. No. 1). On July 25, 2011, the Union filed its memorandum in response and a counterclaim motion to confirm the conciliation award. (Doc. No. 4). On September 1, 2011, the Allen County Court of Common Pleas granted the Sheriff's motion and application to vacate the conciliation award and denied the Union's motion to confirm the conciliation award. (Doc. No. 6).

{¶8} On September 28, 2011, the Union filed a notice of appeal and now raises two assignments of error.

### ASSIGNMENT OF ERROR NO. I

**THE COMMON PLEAS COURT ERRED IN CONCLUDING THAT THE CONCILIATOR EXCEEDED HIS AUTHORITY.**

{¶9} In its first assignment of error, the Union argues the Allen County Court of Common Pleas erred in holding the conciliator exceeded his authority because R.C. 305.171 did not prohibit the conciliator's decision. The Union further contends that although the Board was not a party to the conciliation, it was still part of the conciliation process. Consequently, the Union argues it could negotiate its health benefits during the conciliation process, and the Sheriff must

pay for the additional coverage out of his own budget if the Board does not provide the funding.

**{¶10}** Courts of common pleas have jurisdiction to review a conciliator's settlement awards. *Licking Cty. Sheriff's Office v. Teamsters Local Union No. 637*, 5th Dist. No. 2008CA00152, 2009-Ohio-4765, ¶ 11, citing R.C. 4117.14(H). "When reviewing an arbitration award, the reviewing court may not substitute its judgment for that of the arbitrator." *Internatl. Assn. of Fire Fighters, Local 379 v. City of Marion*, 3d Dist. No. 9-03-05, 2003-Ohio-2567, ¶ 6. A court of common pleas' review is limited to R.C. 2711.20(D). *City of Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 52 Ohio St.3d 174, 175-176 (1990). "Courts may vacate or modify an arbitration award only if the statutory requirements are met." *Internatl. Assn. of Firefighters* at ¶ 6. According to R.C. 2711.10(D), a court of common pleas shall vacate an award if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

**{¶11}** We review the trial court's judgment for an abuse of discretion. *Licking Cty.* at ¶ 37. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} The trial court found that the conciliator exceeded his power.[1] (Doc. No. 6). The trial court reasoned that since R.C. 305.171 grants the Board the power to provide group insurance policies for county employees, "the Sheriff did not deny coverage and the Sheriff cannot provide coverage." (*Id.*). The trial court noted that the Sheriff is governed by R.C. 311.01, which does not provide him with the ability to contract for health coverage, a power that resides solely with the Board. (*Id.*). The trial court determined that the conciliator's award required the Sheriff to provide health insurance to an additional group of people that were not eligible for health insurance under the Allen County plan, the Union's spouses who had other coverage available. (*Id.*). The trial court stated that this requirement "exceeded [the Sheriff's] power" and "abrogated the authority of the county commissioners." (*Id.*).

{¶13} We cannot find that the trial court abused its discretion by determining that the conciliator exceeded his power. R.C. 305.171(A) states, "The board of county commissioners of any county may contract for, purchase, or otherwise procure and pay all or any part of the cost of group insurance policies * * * for county officers and employees and their immediate dependents." R.C. 311.01, which addresses a sheriff's qualifications and duties, does not contain any

---

[1] The trial court noted that the parties did not submit a written record for the court's review because they had waived the requirement of a court reporter. (Doc. No. 6). The trial court distinguished the present case from a Ninth District case where the court determined a lack of a written record precluded effective judicial review. *Wayne Cty. Sheriff v. Ohio Petrolmen's Benevolent Assn.*, 9th Dist. No. 10CA0036, 2011-Ohio-2707. The trial court considered this case despite the lack of a written record because unlike in *Wayne*, the parties in the present case waived the requirement of the written record. (Doc. No. 6).

provisions regarding health insurance. *See* R.C. 311.01. According to these provisions of the Revised Code, the Board and not the Sheriff has the power to contract for Allen County employees' health insurance plans. Thus, the conciliator's award requiring the Sheriff to purchase additional health insurance contradicts with the Revised Code.

{¶14} The Fifth District addressed a similar situation in *Licking County Sheriff's Office v. Teamster's Local Union No. 637*, 5th Dist. No. 2008CA00152, 2009-Ohio-4765. The Fifth District stated:

> The county sheriff is a county elected official and is governed by the statutory dictates imposed upon him by R.C. 311.01, et seq. No where (sic) in the statutes is the sheriff given the power to contract for health care coverage. The right to contract for county employees resides exclusively with the board of county commissioners. *Id*. at ¶ 23.

The Fifth District determined the conciliator's decision was contrary to law and usurped the power of the county commissioners when it required the addition of a health insurance carrier. *Id*. at ¶ 35. In the present case, the addition of the term "spouse" to the definition of "family," would require the Sheriff to provide health insurance to spouses who have other coverage available, contrary to the Board's Resolution #629-10. We cannot find that the trial court abused its discretion by

determining the conciliator's award usurps the Board's power because it requires the Sheriff to provide health insurance to an additional group of people from those the Board included in the Allen County Plan.

{¶15} The Union relies on a case from the Seventh District, *Jefferson County Sheriff v. Ohio Patrolmen's Benevolent Association*, 7th Dist. No. 05 JE 36, 2006-Ohio-1055. The Seventh District confirmed a conciliator's award requiring the employer to pay the same share of the union's healthcare premiums as in the previous collective bargaining agreement. *Id.* The court reasoned that the sheriff represents the interests of the board of commissioners, should enter the conciliation proceedings with his budget in mind, and will have to pay any difference between what the board of commissioners provides and the results of the conciliation proceedings. *Id.* at ¶¶ 29-30. Consequently, the Union argues that in the present case, the Sheriff must use his own budget to provide health insurance to the spouses that have coverage available but are not provided health insurance under the county's plan.

{¶16} However, *Jefferson County* can be distinguished from the case before this Court. The Seventh District confirmed the conciliator's award largely because it determined the sheriff had consented to the conciliation proceedings, stating, "When the Union demanded that coverage remain constant, the employer should have objected or refused to bargain on that issue if it believed it was not a matter

subject to conciliation." *Id.* at ¶ 31. The Seventh District determined that the failure of the sheriff to object to the scope of the conciliation resulted in the waiver of the issue on appeal. *Id.* at ¶ 33. In the present case, the Sheriff objected to the conciliator's jurisdiction throughout the proceedings. (Ex. 1). Since the Sheriff here maintained his right to contest the issue of health insurance on appeal, the Seventh District's decision in *Jefferson County* does not apply.

{¶17} The Union's first assignment of error, is, therefore, overruled.

## ASSIGNMENT OF ERROR NO. II

**THE COMMON PLEAS COURT ERRED IN FINDING THAT THE CONCILIATOR DID NOT MAKE A MUTUAL, FINAL, AND DEFINITE AWARD UPON THE SUBJECT MATTER SUBMITTED.**

{¶18} In its second assignment of error, the Union argues the trial court erred by finding the conciliator did not make a mutual, final, and definite award upon the subject matter submitted. The Union contends that the conciliator's selection of the Union's language conclusively resolved the issue and that if the conciliator's decision was not final, the Sheriff would not have filed the present appeal. The Union further argues that nothing in the Revised Code prohibited the conciliator's award.

{¶19} The trial court found that the conciliator "imperfectly executed his power because he did not make a mutual, final, and definite award upon the subject matter submitted." (Doc. No. 6). The trial court reasoned that "[a]dding

'spouse' to the definition of 'family' did not make a mutual, final, and definite award." (*Id*.). The collective bargaining agreement provides health insurance to the Union on the same basis as all other non-bargaining employees, stating:

> The Employer shall make available to bargaining unit employees general insurance and hospitalization plans, including supplemental benefits, on the same basis as provided to all non-bargaining unit employees in the Sheriff's Office, including those covered by other bargaining agreements, and other employees paid under the County General Fund and who are eligible for the County Insurance Plan.
>
> (*Id*.).

Under Allen County's new plan, spouses who do not have other insurance available are still covered. (*Id*.). Only those spouses who can obtain group insurance elsewhere are ineligible for the plan. (*Id*.). The trial court determined that the question of whether the Board could still exclude spouses who had other insurance available remained unresolved based on the language of the collective bargaining agreement. (*Id*.). Consequently, the trial court found the conciliator imperfectly executed his power by failing to make a mutual, final, and definite award. (*Id*.).

{¶20} We cannot find that the trial court abused its discretion by finding the conciliator imperfectly executed his power. The collective bargaining agreement

provides the Union with the same health insurance as other Allen County employees. (Ex. 2). Under the Resolution #629-10, the spouses of Allen County employees are eligible for health insurance if they do not have other insurance available. (Ex. 5). Consequently, some spouses are still covered under the Allen County Plan. The conciliator's award added the language, "the term family shall include spouses" to the collective bargaining agreement. (Ex. 1). This award could be read, consistent with the provisions granting the Union the same health insurance as other Allen County employees, to include only those spouses who do not have other insurance available. As a result, the issue of whether the Union's spouses who have other insurance available must be covered under the Allen County plan has not been finally, definitely, and mutually resolved.

{¶21} The Union's second assignment of error is, therefore, overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, J., concurs in Judgment Only.**

**/jlr**

**SHAW, P.J., Concurs in Part and Dissents in Part.**

-11-

{¶23} The trial court determined that "by deciding an issue (to wit: Whether Section 19.6 of the collective bargaining agreement was violated, [an] issue was not even submitted to the conciliator by either party in their respective submissions of unresolved issues; the conciliator exceeded his power under R.C. 4117.14(G)." (JE, Sept. 1, 2011 at 5). I concur with this conclusion and with our judgment affirming that ruling.

{¶24} Unfortunately, in my view, after reaching this conclusion, the trial court and this court then proceed to analyze and rule upon all of the extraneous matters improperly addressed by the conciliator in the first place. Consequently this court now reaches a sweeping decision with significant and potentially prejudicial consequences for all the parties on the merits of numerous important underlying issues of health care coverage for county employees, none of which are issues to be decided in this case.

{¶25} Some of these proposed rulings include: 1) that R.C. 305.171 gives *exclusive* authority to the county commissioners to contract for and provide health insurance to all county employees; 2) that the Allen County Sheriff has no authority to contract for or bargain for any matters involving such health insurance; 3) that because the county commissioners do not provide coverage for spouses of employees who have access to other health insurance and because the CBA provides that union employees shall have the same rights for health care

coverage as non-union employees, that the Union has no authority to bargain for and the Sheriff has no authority to grant or negotiate coverage for union spouses who have access to other coverage.

{¶26} According to the conciliator's report, the Sheriff argued at the outset of the proceedings that none of these issues were properly before the conciliator because they were all subject to various grievances pending in other forums. I concur with the Sheriff's position. None of these issues should have been ruled on by the conciliator or trial court and none of these issues should be ruled upon by this court at this time.

{¶27} In the introduction to his decision, the conciliator characterized the case before him in the following manner.

> **The practical issue between the parties in this case is whether or not the Sheriff should be permitted to deny health insurance coverage to spouses of employees where such spouses have other available health insurance coverage.** *The legal issue before the Conciliator, however, is merely to choose either the contract language proposed by the F.O.P. or the contract language proposed by the Sheriff.*

(Conciliator's Award at 7) (emphasis added). The conciliator acknowledged that only the F.O.P. (the "Union") proposed contract language to be added to the Agreement. As mentioned in the majority opinion, the Union sought to include the language "the term family shall include spouses" to Section 19.2 of the Agreement which states, "<u>Selection of Coverage</u> Employees electing supplemental

benefits (e.g., prescription drug, etc.) may only elect the category which corresponds to their health care category (i.e., single, two party or family)." (Agreement at 23). *The conciliator noted that the Sheriff did not propose any contract language to be included in the Agreement because the Sheriff maintained that the current language of the Agreement already contemplates spouses are included in the term family.* (Id. at 10).

{¶28} Thus, as it turns out, the parties essentially agreed that the term family includes spouses, regardless of whether the union language was added to the contract or not. Thus, even if the conciliator improperly added the union language to the contract, the union language was unnecessary and irrelevant to the conciliator's decision to include spouse in the definition of family. In any event, this was the extent of the *"legal issue"* before the conciliator—i.e., whether the term family, as used by the parties in the Agreement, includes spouses.

{¶29} Of course, it is apparent that the conciliators decision, even if it were based on language the Union sought to include in the Agreement, still fell short of resolving the underlying *"practical issue"* between the parties that everyone seems to have the urge to address. In other words, the fact that the term "family" includes "spouses" does not answer whether the Agreement permitted the Sheriff or anyone else to exclude coverage for spouses of employees who have other health insurance coverage available to them. Nevertheless, the inclusion of

"spouse" in the definition of "family" was the only issue submitted to the conciliator to decide and this should have been the end of the matter.

**{¶30}** Unfortunately, the conciliator chose to also resolve the underlying *"practical issue"* before him. In particular, the conciliator construed Section 19.6 of the Agreement, which states the following.

> **Modification to Coverage  The determination of carriers and/or method of providing insurance rests with the Employer.[2]  Any change in carriers, coverage, or methods of providing insurance which would affect the bargaining unit in any way shall be discussed with the Union prior to implementation.  The Employer may periodically change the plan coverage, including deductibles, co-payments, etc., but will do so only after discussion with the Union.  Reasonable adjustment of deductibles, co-pays, etc., shall not be considered as a reduction of benefits.**

(Agreement at 24).  Based on this provision, the conciliator went to great lengths in his analysis to determine that the Sheriff violated the terms of the Agreement because the Union was not given proper notice of what conciliator determined to a "change" to the Agreement as a result of the Allen County Commissioners' implementation of Resolution #629-10.[3]    The conciliator then construed additional provisions of the Agreement to determine that the passage of Resolution #629-10 resulted in a reduction in benefits to "bargaining unit" employees.

---

[2] Employer is defined as the Allen County Sheriff in Section 1.1 of the Agreement.
[3] It should be noted that the Sheriff, for its part, argued before the conciliator that the Union did have proper notice of matter.

{¶31} As noted earlier, I fully concur with the judgment of the trial court that by virtue of the foregoing, the conciliator exceeded his authority and I fully concur with the judgment of this court affirming that ruling.

{¶32} However, the trial court also found that the conciliator did not make a mutual, final, and definite award because the choice of whether to include of the language proposed by the Union alone, which was the sole task given to conciliator, did not resolve the issue of whether the Sheriff violated the Agreement by excluding the spouses of employees who had other health insurance available to them.

{¶33} Once again, the issue of coverage for spouses who had other health insurance available was not properly before the conciliator. The only issue before the conciliator was whether the term family includes spouses. The conciliator found that it did. That may not answer the further questions involving coverage for certain spouses, but it does answer the specific question that was before the conciliator, that the word "family" includes spouses. As a result, I do not concur with the trial court's finding that the conciliator did not make a final and definite award and accordingly, I cannot concur with the decision of this court upholding that ruling.

{¶34} Moreover, as noted earlier, I do not concur with the decision of this court to follow the trial court's lead and issue a number of rulings as to the

underlying health care questions presently being negotiated between the union and the Sheriff. For one thing, there are significant and potentially prejudicial consequences to our extraneous and unnecessary rulings. For example, the majority and the trial court summarily construe R.C. 305.171 to *exclusively* delegate the right to the board of county commissioners to contract *all* matters relating to health insurance coverage for county employees.[4] There is no clear declaration of *exclusive* authority in the statute itself.

{¶35} Nevertheless, determining that the Sheriff has no authority to contract with county employees in all matters relating health insurance coverage effectively renders Section 19 of the Agreement null and void. This section sets forth several points negotiated by the Sheriff and the Union relating to health insurance coverage, which include the scope of coverage, payments of premiums and opt-out provisions. If R.C. 305.171 is to be read as the majority and the trial court insist, then the Sheriff had no authority to negotiate any of these provisions as they all relate to health insurance coverage.

{¶36} This ruling would effectively void past collectively bargained agreements reached between the Sheriff and the Union, all of which include

---

[4] Both the trial court and the majority rely solely on a Fifth District case *Licking County Sheriff's Office v. Teamsters Local Union*, 5th Dist. No. 2008CA00152, 2009-Ohio-4765 to arrive at this conclusion. However, that case contains different circumstances and little analysis to support its holding.

similar negotiated provisions pertaining to health insurance coverage.[5]  Notably, the majority and trial court both highlight Section 19.1 in support of their conclusion that the conciliator so imperfectly executed his power that a mutual, final, and definite award was not made.  However, this provision would also be void under the majority's and trial court's interpretation of R.C. 305.171.

{¶37} Additionally, the rationale advanced by the majority and trial court that the Sheriff has no authority to contract with county employees for health insurance coverage also has far reaching implications on the ancillary proceedings involving these parties, which have been suspended awaiting the outcome of this case.

{¶38} The record demonstrates that nine "bargaining unit employees" of the Blue Unit have filed grievances alleging the Sheriff's exclusion of their spouses from health care coverage violated three specific provisions of Section 19 in the Agreement.  In addition, the Union has also filed an unfair labor practice charge which is pending before the State Employees Relations Board.  All of these adversarial proceedings involve individual and fact-specific cases in controversy that will now be conclusively and pre-emptively determined as a result of the far reaching opinion and ruling of the majority in resolving the first assignment of error in this case.

---

[5] Although we do not have a written record of the proceedings before the conciliator, we do have several past collective bargaining agreements in the record, spanning back fifteen years, which were submitted to the conciliator to review in making his award.

{¶39} Finally, construing R.C. 305.171 in the manner supported by the majority creates additional, if perhaps unintended, problems for the Sheriff. The record demonstrates that early in the proceedings of this case, one of the unresolved issues submitted to the fact-finder was the matter of the opt-out provision in the Agreement. County employees evidently receive $3000 to opt out of the county insurance coverage. Because the union employees had apparently received some sort of pay raise more recently than other employees, the Sheriff had negotiated a lesser opt-out amount of $1000 for its employees. The parties were able to resolve this issue prior to proceeding to conciliation. However, under the majority's and the trial court's interpretation of R.C. 305.171, the Sheriff was unauthorized to unilaterally negotiate and resolve this matter and this agreement is now effectively rendered void.

{¶40} Thus, according to our decision and ruling that under the CBA, the non-union and union employees must be treated exactly alike for health insurance purposes under the exclusive control of the county commissioners, the Sheriff must now also pay his employees $3000 per employee for opt-out benefits, instead of $1000 based on pay raise differentials between union and non-union employees, because that is what the non-union county employees receive.

{¶41} In sum, all of these matters are the subject of numerous other pending grievances and negotiations being conducted in other forums. While those

cases and the foregoing health coverage issues may eventually come before this court, they deserve to be decided on their individual merits as they are presented to this court on a proper record pertaining to each case and not in the broad and advisory fashion utilized in this case.

{¶42} For all of the foregoing reasons, I do not concur with the majority's resolution of the second assignment of error upholding the trial court's decision that the conciliator did not make a mutual, final, and definite award and respectfully dissent from the majority decision on that assignment. With regard to the first assignment, I do concur that the trial court did not abuse its discretion insofar as the trial court determined that the conciliator exceeded his powers by construing the extraneous provisions of the Agreement and attempting to resolve matters that were outside the purview of the legal issue presented to him by the parties. If the trial court does not have the power to sever and vacate those extraneous portions of the conciliator award, then I concur that the judgment of the trial court vacating the entire award should be affirmed on this basis alone.

/jlr