**UNION–SCIOTO LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellant,**

v.

**UNIOTO SUPPORT ASSOCIATION, Appellee.**

[Cite as *Union–Scioto Local School Dist. Bd. of Edn. v. Unioto Support Assn.* (1992), 76 Ohio App.3d 792.]

Court of Appeals of Ohio,
Ross County.

No. 1750.

Decided Jan. 16, 1992.

*Richard W. Ross*, for appellant.

*Michael Hunter*, for appellee.

---

GREY, Judge.

This is an appeal from the Ross County Common Pleas Court. We affirm the holding of the trial court ordering the matter to proceed to arbitration.

Appellant, the school board, sought to reduce some bus drivers' hours and to eliminate some bus routes because of financial problems. Appellee, the union, filed a grievance over the reductions and sought to have the matter referred to arbitration. The school board, relying on language in the collective bargaining agreement which says that modifications of bus routes shall not be subject to arbitration, refused to arbitrate. The union contended that it was not challenging the changes in the bus routes, but the elimination of work hours, which is an arbitrable issue.

The school board filed this action to obtain a permanent injunction to prevent the issue from being arbitrated, and the union counterclaimed to compel arbitration. The trial court held that the collective bargaining agreement was open to two interpretations, and quoted *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1990), 52 Ohio St.3d 174, 556 N.E.2d 1186, syllabus:

"When a provision in a collective bargaining agreement is subject to more than one reasonable interpretation and the parties to the contract have agreed to submit their contract interpretation disputes to final and binding arbitration, the arbitrator's interpretation of the contract, and not the interpretation of a reviewing court, governs the rights of the parties thereto. (*Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* [1990], 49 Ohio St.3d 129, 551 N.E.2d 186, approved, applied and followed.)"

The court ordered that the matter proceed to arbitration. The school board appeals and assigns two errors.

FIRST ASSIGNMENT OF ERROR

"The trial court erred in denying appellant a permanent injunction and in ordering appellant to submit the issues relating to the deletion of school bus routes to arbitration."

██ Before we can reach the merits of the school board's appeal, we must determine whether the trial court's order compelling the school board to arbitrate its grievance is a final appealable order. We hold that such an order is a final appealable order.

On May 31, 1990, the General Assembly amended R.C. 2711.02 by adding the following language:

"An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure

and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

Thus, the trial court's order was a final appealable one and this court has the requisite jurisdiction over the school board's appeal. We now turn to the merits of that appeal.

■ In reaching its decision to order the school board to submit to arbitration, the trial court correctly relied upon *Hillsboro*. In this case, the collective bargaining agreement between the parties is subject to two interpretations with regards to the modification of bus routes, *i.e.*, whether there was actually a modification of the bus route which is an issue not subject to arbitration or whether such a modification was actually an elimination of work hours which is an issue subject to arbitration.

We find that the matter should have been and was correctly ordered to be submitted to arbitration. The trial court did not err.

The school board's first assignment of error is not well taken and is overruled.

SECOND ASSIGNMENT OF ERROR

"The trial court erred in ordering appellant to pay the total cancellation fee owed to the American Arbitration Association."

On February 1, 1990, the school board and the union submitted a request to the American Arbitration Association initiating an arbitration matter based upon a collective bargaining agreement between the parties. On August 3, 1990, the school board sought a temporary restraining order and preliminary injunction to prevent the matter from going to arbitration. The trial court granted the TRO.

The trial court denied the school board's request for a permanent injunction and granted the union's counterclaim to compel arbitration. The trial court also ordered the school board to pay the AAA a cancellation fee because it blocked the arbitration hearing by requesting a TRO from the trial court. The school board asserts the trial court erred by ordering such payment. We disagree.

Civ.R. 65 mandates that when a temporary restraining order or an injunction is obtained the party obtaining it must post a bond to secure the damages the enjoined party will suffer if it is later determined that the injunction or TRO was improvidently allowed or allowed in error. That rule does not, however, require that a state or political subdivision or its agents post such a bond.

■ Civ.R. 65(C) does assess liability to the party obtaining such an order and gives the trial court discretion to enforce that liability. As an appellate court we may only reverse an order of the trial court if we determine that the trial court has abused its discretion. The term "abuse of discretion" connotes more than error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 569 N.E.2d 875.

■ Below, the school board requested and obtained a TRO to prevent the matter from going to arbitration. The trial court later determined that the matter should have indeed been submitted to arbitration. It is not unreasonable, arbitrary or unconscionable to assess the arbitration cancellation fee to the party who was instrumental in obtaining such a cancellation. The trial court did not abuse its discretion pursuant to *Tracy*. There was no error. The school board's second assignment of error is not well taken and is overruled.

This matter is remanded and the parties are ordered to submit to arbitration as mandated by the collective bargaining agreement, and the order of the trial court.

*Judgment accordingly.*

STEPHENSON, P.J., concurs.

HARSHA, J., dissents.

HARSHA, Judge, dissenting.

I respectfully dissent. Initially, I agree with appellant that *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1990), 52 Ohio St.3d 174, 556 N.E.2d 1186, is not dispositive of the issue before this court. *Hillsboro* merely provides that after an issue has been arbitrated, it is the arbitrator's interpretation of the contract that controls, rather than that of a reviewing court. *Hillsboro* does not address the question of whether a contract dispute is actually subject to arbitration when conflicting or ambiguous contract language exists.

This court has previously decided just such an issue in favor of arbitration in *State ex rel. Williams v. Belpre City School Dist. Bd. of Edn.* (1987), 41 Ohio App.3d 1, 534 N.E.2d 96. As the majority in *Williams* stated at 8–9, 534 N.E.2d at 103–104:

"Because of the speed, low cost and the general competence, indeed expertise, of most arbitrators, arbitration is the most favored means of contract enforcement available to educational institutions. 2 Rapp, Education Law (1987), Section 7.07[2]. Arbitration has been favored by the courts in this

state from early times. *Youghiogheny & Ohio Coal Co. v. Oszust* (1986), 23 Ohio St.3d 39, 41, 23 OBR 57, 58, 491 N.E.2d 298, 299; *Corrigan v. Rockefeller* (1902), 67 Ohio St. 354, 367, 66 N.E. 95, 98.

"* * * *

"Under federal law, when language is ambiguous and unclear, any doubts concerning the scope of arbitrability should be resolved in favor of arbitration. *McGinnis v. E.F. Hutton & Co., Inc.* (C.A.6, 1987), 812 F.2d 1011, 1013. Given the favored status of arbitration in this state, *Youghiogheny & Ohio Coal Co., supra*, the *McGinnis* holding seems equally applicable herein."

However, because I find no such ambiguity to exist in this collective bargaining agreement, arbitration is precluded by the clear and unmistakable language of the contract. The "management rights" clause found in Section 201(D) provides that the school board reserves the right to delete and modify school bus routes. According to Section 2.02, such decisions shall not be subject to arbitration "except to the extent that they are limited by *specific provisions* of this agreement." Both parties agree that the contract makes no provision for a reduction of employees' hours. Appellee, however, asserts that Section 19.02, when read in conjunction with other portions of agreement, including the addenda, provides that a specific limitation upon the management rights clause exemption from arbitration. I cannot agree. Article XIX provides for a specific layoff procedure where there is a reduction in work force. While I agree that disputes over this procedure are subject to arbitration where the school board's decision to eliminate or modify bus routes results in layoffs, the record here does not indicate that any driver had his or her position eliminated. Article XIX relates solely to "reducing the number of positions in one or more classifications" and does not expressly apply to reducing employees' hours as appellee candidly admits. Because there is no specific provision limiting the nonarbitration clause concerning modification of bus routes or a mere reduction in hours, there is no ambiguity concerning arbitration. There being no ambiguity, *Williams* does not require arbitration. Had the school board's decision resulted in layoffs, then I would agree that arbitration is appropriate. However, those facts are not before us. Accordingly, the trial court's decision that the matter was subject to arbitration was erroneous.