NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0596n.06

Case No. 19-3378

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Dec 06, 2019

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CALIFORNIA PACIFIC HOSPITALITY LLC; BRAHMA INVESTMENT GROUP, INC., | ) ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiffs-Appellants, | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| v. | ) | OHIO |
| | ) | |
| CITY OF NORWOOD, OHIO, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: BATCHELDER, WHITE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. California Pacific Hospitality and Brahma Investment Group (collectively, Plaintiffs) claim that the City of Norwood owes them money because (they say) the City wrongfully received an injunction. The district court rejected this argument. We affirm.

For several years, the City of Norwood received reports about drug sales and prostitution at a Quality Inn & Suites (owned by Plaintiffs). After various investigations, the City's law director obtained a preliminary injunction closing the property as a public nuisance. Plaintiffs filed counterclaims against the City. But in the end, the district court dismissed the injunctive claim as moot and entered judgment for the City on the counterclaims. This court affirmed. *See Ohio ex rel. Moore v. Brahma Inv. Grp., Inc.*, 723 F. App'x 284 (6th Cir. 2018).

Plaintiffs then filed suit in state court, arguing (as relevant here) that the City owed them damages for the injunction under Ohio Revised Code § 3767.03. The City removed the case to federal court and moved for judgment on the pleadings. The district court granted the motion in

part and otherwise remanded the case back to state court. We review that decision de novo. *See Boulger v. Woods*, 917 F.3d 471, 478 (6th Cir. 2019).

As an initial matter, Plaintiffs have sued the wrong party (again). In the prior appeal, our court held that the companies had to sue the State of Ohio, not the City of Norwood. *See Brahma Inv. Grp.*, 723 F. App'x at 288. And Plaintiffs have offered us no reason to doubt that holding.

But even if Plaintiffs *had* sued the correct party, they haven't shown that they can recover anything under § 3767.03. That provision authorizes both public officials and private citizens to enjoin nuisances but requires that private citizens post a bond before they do so. The provision also allows the enjoined party to recover up to the amount of the bond if an injunction shouldn't have been granted. *See Shuttleworth v. Knapke*, No. 02CA1582, 2003 WL 588598, at *3 (Ohio Ct. App. Feb. 28, 2003). But Ohio law expressly exempts public officials from the bond requirement. *See* Ohio Rev. Code § 3767.03; Ohio Civ. R. 65(c); *Union-Scioto Local Sch. Dist. Bd. of Educ. v. Unioto Support Ass'n*, 603 N.E.2d 375, 377 (Ohio Ct. App. 1992); *cf.* Fed. R. Civ. P. 65(c). For that reason, the City's law director (a public official) never posted a bond during the earlier proceedings. So there is nothing to recover under § 3767.03.

Plaintiffs agree that the law director didn't have to post a bond. Instead, they assert (without authority) that § 3767.03 allows them to recover their full damages anyway. That argument makes little sense. If a law provides some people a limited right to recover on a claim, we don't assume that everyone else has an *unlimited* right to recover. Consider a mundane analogy. If a restaurant advertises "One free ice cream per child," we wouldn't think that an adult could demand as much free ice cream as he wants from the restaurant. Section 3767.03 doesn't give Plaintiffs a right to recover from the City of Norwood (or any other public entity). Hence the district court correctly entered judgment on this claim.

Plaintiffs also argue that the district court shouldn't have found their claim to be moot. But by all appearances, the district court resolved the claim on the merits, not based on mootness. And that was the correct decision, since the companies could seek damages resulting from the preliminary injunction (at least in theory) even if the injunction had become moot. *See Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314–17 (1999).

Finally, the City of Norwood argues that the district court shouldn't have remanded the case back to state court. In theory, we could review the district court's remand decision—notwithstanding 28 U.S.C. § 1447(d)—since the court remanded based on abstention. *See Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 558–59 (6th Cir. 2010). But the City didn't cross appeal this issue. So it cannot now challenge the district court's decision on this front. *See El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999).

We affirm.